UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARY OLIVER BENOIT and, | : | |
| OLIVETREE CLEANING SYSTEMS LLC, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| VS. | : | NO. |
| | : | |
| ATALIAN GLOBAL SERVICES, | : | |
| | : | |
| Defendant. | : | DECEMBER 16, 2021 |

## C O M P L A I N T

### COUNT ONE

1.  This is an action for money damages to redress the deprivation by the defendant of rights secured to the plaintiffs by the laws of the United States and the State of Connecticut.  The defendant participated in discrimination against, disparate treatment, harassment of and retaliation against the plaintiffs, an African American female, and her African American owned company.

2.  Said conduct was and is based upon the individual plaintiff's race, color, ethnicity or in retaliation for her protected complaints about unlawful conduct.  The conduct of the defendants was persistent and ongoing throughout the relationship of the parties, thus constituting a continuous course of conduct.

3.  The defendant has disparately treated the plaintiff, unfairly punished and harassed her, has created a hostile environment, has retaliated against her for her

protected complaints, has denied her the right to make and enforce contracts and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, which opportunities have been afforded, and which harassment and punishment has not been imposed upon similarly situated persons not of the plaintiff's race, color, ethnicity or in retaliation for her protected complaints about unlawful conduct.

4.   The conduct of the defendant is reckless or intentional and carried out with malice, ill will, or improper motive, on the basis of race, color, ethnicity or in retaliation for her protected complaints about unlawful conduct.

5.   By and through its conduct as stated herein, the defendant has subjected the plaintiff to, inter alia, violation of the rights secured to her by the provisions of 42 U.S.C. §1981 and by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C.A.§ 2000e.

6.   By and through its actions described hereinafter, the defendant has violated rights secured to the plaintiffs by the laws of the State of Connecticut, as its actions against the plaintiff constitute violation of the Connecticut Fair Employment Practices Act, Sections 46a-60 et seq. of the Connecticut General Statutes, breach of contract and the intentional infliction of emotional distress.  Such claims are invoked pursuant to this court's supplemental jurisdiction.

7.   Jurisdiction of this Court is invoked under the provisions of Title 28 United States Code §§1331, 1343(3) and 1367(a), and Title 42 United States Code §§ 1981, 1983, 1988 and 2000e-5(f).

8.   During all times mentioned in this Complaint, the plaintiff, Mary Oliver Benoit, was and is an adult citizen of the United States, residing in Windsor, Connecticut.

9.   The plaintiff is an African American female.

10.   During all times mentioned in this Complaint, the plaintiff, Olivetree Cleaning Systems LLC ("Olivetree") was and is a domestic Limited Liabilty Company located in Windsor, Connecticut.

11.   Plaintiff Mary Oliver Benoit is the Owner and operator of Olivetree.  As such, Olivetree is a black, African American owned and operated business.  Nearly all Olivetree employees are African American.

12.   Atalian Global Services ("Atalian") is the defendant.

13.   At all times relevant to the instant complaint, the defendant Atalian was and is an employer with more than 100 employees.

14.   Eric Benoit is the individual plaintiff's spouse.  He is an African American male.

15.   On November 6, 2019, Atalian Global Services entered into a contract with Olivetree Cleaning Systems, LLC. for the provision of commercial cleaning services by Olivetree to Atalian in various buildings.   The term of the contract is three (3) years.

3

16.  The contract states, in pertinent part, that:

"The Services shall be performed in a professional and workmanlike manner. In the event [defendant Atalian], in its sole discretion, is not satisfied with the Services, with respect to a particular facility or facilities and so notifies [Plaintiff] Olivetree, [Plaintiff Olivetree] shall have ten (10) days to remediate the deficiencies with respect to such facility or facilities. If [defendant Atalian] is not satisfied after such ten (10) day period, then [defendant Atalian], in its sole discretion and upon five (5) days' notice, may elect to remove such facility or facilities from the list of premises."

17.  The contract further provides that "either party may terminate this Agreement during the second year of the Agreement upon ninety (90) . . . days prior written notice, for cause."

18.  All relevant personnel at Atalian are white, non African Americans.

19.  Upon information and belief, the defendant Atalian has not contracted with another black female owned cleaning service in the relevant geographical area.

20.  Upon information and belief, all other cleaning services in the relevant geographical area with whom Atalian has contracted are predominantly Hispanic, not black, and not African American.

21.  For a significant period of time and throughout the course of the plaintiffs' business interaction with the defendant, the defendant Atalian has engaged in

discrimination, harassment, mistreatment and unfair treatment of the plaintiffs and the individual plaintiff's husband, on the basis of race and color.

22.  The conduct includes, but is not limited to, breach of a valid contract with Olivetree by Atalian; refusal of white Atalian officers, employees and agents to speak to the African-American employees of Olivetree; in instances of dispute, defendant would defer to white personnel rather than the African American plaintiff or her employees; other contact demonstrating defendant's preference for and deference to white employees and others rather than black employees and others; and treating the plaintiff, Olivetree and their employees differently and less favorably than similarly situated non African-American providers.

23.  Particularly egregious is the conduct of John Carserino, Regional Vice President of the New England Region of the defendant.  While at a regional Atalian office pursuant to Olivetree business, plaintiff Mary Oliver-Benoit and Eric Benoit were ordered to leave the premises by agents of the defendant, to avoid being seen by, and due to the imminent arrival of John Carserino.

24.  Carserino is a white, non African-American male Regional Vice President of defendant Atalian, and as such is an agent, officer or employee of the defendant.

25.  Much discriminatory conduct has been directed at the plaintiffs by and through Robert Benedict, who is the Area Manager for the defendant.  Benedict is

white, non African American male, and as such is an agent, officer or employee of the defendant.

26.  Benedict has engaged in such discriminatory behavior as, inter alia, talking down to and belittling the plaintiff and her spouse.  This occurred on several occasions. Benedict has dressed down and humiliated the plaintiff and her spouse in front of plaintiffs' employees.  Benedict insisted that the plaintiffs remove an African American female supervisor in their employ because he found a fingerprint on a glass, and because "she walked too slowly" from one building to another.

27.  The plaintiffs made a number of complaints to the defendant.  On March 10, 2020, the plaintiffs made a formal, written complaint to the defendant, detailing the discrimination and requesting that it stop.  The complaint stated, in pertinent part:

[The instant complaint is being made on behlf of] Olivetree Cleaning Systems, LLC, and its principals, Mary Oliver-Benoit and Eric Benoit.  Atalian Global Services is party to a contract with Olivetree Cleaning Systems, LLC, entered into on November 6, 2019.

As you are fully aware, Ms. Oliver-Benoit and Mr. Benoit are African-American, and Olivetree Cleaning Systems, LLC is an African-American owned and operated business.  This fact, and this fact alone has resulted in race based discriminatory conduct against Olivetree and its principals, perpetrated by, inter alia, supervisory officers and employees of Atalian and its subsidiaries.  All of the Atalian agents involved are white, non African-American.

The race based discriminatory conduct directed at the Benoits and Olivetree is outrageous, persistent and unlawful.  The conduct includes, but is not limited to, breach of a valid contract with Olivetree by Atalian; refusal of white Atalian officers and employees to speak to the African-American employees of Olivetree, instead limiting contact to a white, non African-American Olivetree employee; and treating them differently and less favorably than similarly situated non African-American providers.

6

Particularly egregious is the conduct of John Carserino, Regional Vice President of the New England Region.  While at a regional Atalian office pursuant to Olivetree business, Mary Oliver-Benoit and Eric Benoit were ordered to leave the premises, to avoid being seen by, and due to the imminent arrival of John Carserino.  Carserino is a white, non African-American Regional Vice President of Atalain.

It is outrageous that adult business owners should be forced to scurry away to avoid the wrath and discriminatory conduct of a white, non African-American co-equal.  Not only is this unlawful, it is unconscionable and shall not be tolerated.

Presently, Atalian is attempting to end work covered by contract with Olivetree.  The manner in which this is being done is in clear violation of the plain language of the contract, and is race motivated.  It is being done by Atalian to rid itself of its valid and lawful obligations to the African-American owned Olivetree.

This letter serves as notice to immediately cease and desist all discriminatory conduct against Olivetree Cleaning Systems, LLC, and its principals, Mary Oliver-Benoit and Eric Benoit, including, but not limited to all matters stated herein.

This letter further serves as notice that Olivetree Cleaning Systems, LLC, and its principals, Mary Oliver-Benoit and Eric Benoit intend upon fully pursuing all legal and administrative remedies available to them, including civil rights litigation in the United States District Court.

Please ensure that this letter is forwarded to the appropriate Legal, Personnel and Administrative officers and departments of Atalian Global Services.

Letter to Atalian, March 10, 2020.

28.  Subsequent to receipt of this formal, written complaint, the defendant took

from the plaintiffs the remainder of the contracted for work, in retaliation for her

complaints of discriminatory treatment and in further discrimination against her,

Olivetree and its employees.

29.  In no instance where the defendant removed work from the plaintiffs, either

before or after any of her complaints, did the defendant follow the terms of the valid

contract entered into with the plaintiffs by it.  In no instance did the defendant give proper notice to the plaintiffs of any alleged performance issues as required by the contract, nor did the defendant abide by the contracted for provisions entitling the plaintiffs to address and rectify the alleged issues.

30.  Instead, the defendant simply took work from the plaintiff and Olivetree to which they were entitled, without lawful reason, discriminatorily and retaliatorily, and in violation of the contract.

31.  As of June 26, 2020, the Defendant has terminated the plaintiff and Olivetree from all of the contracted for building cleaning services.

32.  As detailed herein and continuing to the present, the defendant subjected the plaintiff and Olivetree to an ongoing pattern of race discrimination, disparate treatment, hostile environment and retaliation.  The conduct was continuous, persistent and ongoing.

33.  The plaintiffs were treated differently and more harshly than those similarly situated by the defendant due to race, color, ethnicity or in retaliation for complaints about the defendant's conduct.

34.  The plaintiffs have exhausted her administrative remedies in this matter. Specifically, the plaintiff received a Right to Sue from the Equal Employment Opportunities Commission, and a Release of Jurisdiction and within ninety days of receipt thereof, timely filed the instant action.

35.  The actions of the defendant Atalian constitutes, inter alia, discrimination based upon race, color, ethnicity or in retaliation for her protected complaints about unlawful conduct, in violation of the rights secured to the plaintiff by the provisions of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C.A.§ 2000e.

36.  As a result of the actions of the defendants, the plaintiffs suffered loss of her rights; humiliation and ridicule; substantial economic losses, including but not limited to loss of income and other employment benefits; loss of contracted for benefits and the reasonable expectation therefrom;  loss of employment opportunities; loss of self esteem, peace of mind, emotional and physical well being; loss of reputation and standing in her employment, in the eyes of prospective employers, contractors, employees and in the public at large; and has suffered severe emotional and mental distress.

**COUNT TWO**

1.-33.  Paragraphs 1-33 of Count One are hereby made Paragraphs 1-33 of Count Two.

34.  By and through their actions described hereinafter, the defendant Atalian has subjected the plaintiffs to violation of the rights secured by the provisions of 42 U.S.C. §1981.

35.  As a result of the actions of the defendants, the plaintiffs suffered loss of her rights; humiliation and ridicule; substantial economic losses, including but not limited to loss of income and other employment benefits; loss of contracted for benefits and the reasonable expectation therefrom;  loss of employment opportunities; loss of self esteem, peace of mind, emotional and physical well being; loss of reputation and standing in her employment, in the eyes of prospective employers, contractors, employees and in the public at large; and has suffered severe emotional and mental distress.

**<u>COUNT THREE</u>**

1.-34.  Paragraphs 1-34 of Count One are hereby made Paragraphs 1-34 of Count Three.

35.  By and through their actions described hereinafter, the defendant has violated rights secured to the plaintiffs by the laws of the State of Connecticut, as its actions constitute violation of the Connecticut Fair Employment Practices Act, Sections 46a-60 et seq. of the Connecticut General Statutes.

36.  As a result of the actions of the defendants, the plaintiffs suffered loss of her rights; humiliation and ridicule; substantial economic losses, including but not limited to loss of income and other employment benefits; loss of contracted for benefits and the reasonable expectation therefrom;  loss of employment opportunities; loss of self esteem, peace of mind, emotional and physical well being; loss of reputation and

standing in her employment, in the eyes of prospective employers, contractors, employees and in the public at large; and has suffered severe emotional and mental distress.

**COUNT FOUR:**

1.-34.  Paragraphs 1-34 of Count One are hereby made Paragraphs 1-34  of Count Four.

35.  By and through their actions described hereinafter, the defendant has violated rights secured to the plaintiffs by the laws of the State of Connecticut, as its actions constitute breach of contract.

36.  As a result of the actions of the defendants, the plaintiffs suffered loss of her rights; humiliation and ridicule; substantial economic losses, including but not limited to loss of income and other employment benefits; loss of contracted for benefits and the reasonable expectation therefrom;  loss of employment opportunities; loss of self esteem, peace of mind, emotional and physical well being; loss of reputation and standing in her employment, in the eyes of prospective employers, contractors, employees and in the public at large; and has suffered severe emotional and mental distress.

**COUNT FIVE**:

1.-33.  Paragraphs 1-33 of Count One are hereby made Paragraphs 1-33 of Count Five.

34.  In the manner stated herein, the defendant has violated rights secured to the plaintiffs by the laws of the State of Connecticut, as its actions constitute breach of the implied covenant of good faith and fair dealing.

35.  As a result of the actions of the defendants, the plaintiffs suffered loss of her rights; humiliation and ridicule; substantial economic losses, including but not limited to loss of income and other employment benefits; loss of contracted for benefits and the reasonable expectation therefrom;  loss of employment opportunities; loss of self esteem, peace of mind, emotional and physical well being; loss of reputation and standing in her employment, in the eyes of prospective employers, contractors, employees and in the public at large; and has suffered severe emotional and mental distress.

## COUNT SIX

1.-33.  Paragraphs 1-33 of Count One are hereby made Paragraphs 1-33 of Count Six.

34.  The actions of the defendant were extreme and outrageous.

35.  The actions of the defendant were intentional.

36.  The actions of the defendant were likely to and did cause the plaintiff emotional distress, and that emotional distress was severe.

37.  The actions of the defendant constitute the intentional infliction of emotional distress.

38.  As a result of the actions of the defendants, the plaintiffs suffered loss of her rights; humiliation and ridicule; substantial economic losses, including but not limited to loss of income and other employment benefits; loss of contracted for benefits and the reasonable expectation therefrom;  loss of employment opportunities; loss of self esteem, peace of mind, emotional and physical well being; loss of reputation and standing in her employment, in the eyes of prospective employers, contractors, employees and in the public at large; and has suffered severe emotional and mental distress.

**WHEREFORE**, the plaintiffs claims judgment against the defendant as follows:

A.  Compensatory damages, including but not limited to back pay, lost overtime pay, lost vacation pay, lost seniority and other employment-related benefits; compensation for the losses due to the breach of contract, and compensation for other economic losses, including but not limited to emotional distress, physical illness and attorney's fees;

B.  Punitive damages;

C.  Costs of this action;

D.  Reasonable attorney's fees;

E.  Specific performance of the contract; and

F.  Such other relief as this Court shall consider to be fair and equitable.

## **CLAIM FOR JURY TRIAL**

The plaintiffs claim trial by jury in this case.


THE PLAINTIFF


BY_____/S/_____
           WILLIAM S. PALMIERI
           Federal Bar No. ct14361
           Law Offices of William S. Palmieri, L.L.C.
           110 Whitney Avenue
           New Haven, CT 06510
           (203) 562-3100
           (203) 691-8753 (fax)
           wpalmieri@hotmail.com
           Their Attorney